UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE JULIAN SOROKA,
on behalf of himself and
all similarly situated
persons,

        Plaintiffs,

v.                      CASE NO.   8:05-CV-2029-T-17MAP

HOMEOWNERS LOAN
CORPORATION,

        Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 10 Motion to Dismiss
Dkt. 11 Memorandum
Dkt. 19 Opposition
Dkt. 21 Reply
Dkt. 23 Surreply

This case is a class action Complaint based on Defendant's
use of credit reports of consumers under the Fair Credit
Reporting Act, 15 U.S.C. Sec. 1681.  Plaintiff and class members
seek statutory damages, punitive damages, costs and attorney's
fees.

In the Complaint, Plaintiffs allege that Defendant's
solicitation to Plaintiff Soroka is a sham solicitation in that
it does not make a "firm offer of credit."  Plaintiffs allege
that the solicitation omits essential terms, which makes it
impossible for a consumer to determine whether it is advantageous
to accept the offer, and fails to make statutorily required
disclosures in a clear and conspicuous manner.

Case No. 8:05-CV-2029-T-17MAP

Plaintiffs seek relief under 15 U.S.C. Sec. 1681 on the basis that Defendant obtained consumer reports on individuals in connection with credit transactions not initiated by them and then refrained from making a firm offer of credit to such individuals, in conscious and/or reckless disregard of the individuals' rights.  Plaintiffs seek relief for willful noncompliance with FCRA requirements.

Plaintiffs also seek relief under 15 U.S.C. Sec. 1681 on the basis that Defendant has a policy, practice and procedure of obtaining consumer reports on individuals in connection with a credit transaction not initiated by those individuals, and then failing to provide them with the clear and conspicuous disclosures required by the FCRA, in conscious and/or reckless disregard of those individuals' rights.

Plaintiff Soroka brings the Complaint on behalf of all individuals throughout the United States whose consumer reports were obtained or used by Defendant in connection with a credit transaction not initiated by them, and who did not receive a firm offer of credit from Defendant during the longest period allowable by 15 U.S.C. Sec. 1681p.

Plaintiff Soroka also brings the Complaint on behalf of all individuals throughout the United States whose consumer reports were obtained or used by Defendant in connection with a credit transaction not initiated by them, and who received a written solicitation from Defendant to enter a credit transaction which did not provide the clear and conspicuous disclosures required by 15 U.S.C. Sec. M1681m(d).

8:05-CV-2029-T-17MAP

I.  Motion to Dismiss

A.  No Factual Allegations of Impermissible Purpose

Defendant seeks dismissal of the Complaint because Plaintiff does not allege a reasonable basis for inferring that Plaintiff Soroka's credit information was accessed for an impermissible purpose.

1.  "Firm Offer"

Defendant seeks dismissal of the Complaint because Defendant's solicitation does make a "firm offer of credit" to Plaintiff as that term is defined in 15 U.S.C. Sec. 1681.

2.  No "Sham Offer" as in Cole

Defendant argues that Defendant's firm offer of credit is not like the offer of credit in Cole v. U.S.  Capital, Inc., 389 F.3d 719 (7th Cir. 2004).  The Cole offer of credit was based on a solicitation that offered only a nominal amount of credit, gave no indication that the offer would be honored if the recipient met the conditions set forth in the offer, and which could be used only for a very limited purpose.  The offer did not contain material terms, including the interest rate and the method for compounding interest.

Defendant argues that Defendant's offer complies with the statutory requirements in that the offer is for a substantial amount, it is extended to a consumer, and it explains the meaning of "pre-approved status," including discussion of conditions that

3

8:05-CV-2029-T-17MAP

form the basis for such status.

3.  No Willful FCRA Violation

    In order to show willful noncompliance with the FCRA, the
plaintiff must show that the defendant "knowingly and
intentionally committed an act in conscious disregard for the
rights of others," but need not show 'malice or evil motive.'"
See Bakker v. McKinnon, 152 F.3d 1007, 1013 (8th Cir. 1998).
Defendant seeks dismissal because Plaintiff does not allege any
facts which provide the basis for a willful violation.


B.  Absence of Clear and Conspicuous Disclosures is not
a Legally Cognizable Claim


    Defendant argues that the second claim based on the absence
of clear and conspicuous disclosures under 15 U.S.C. Sec.
1681m(d) is not a legally cognizable claim.  The FCRA was amended
in 2003, eliminating a private right of action based on section
1681m(d) disclosures.  Section 1681m(h)8, added by amendments
made to Section 311(a) of the Fair and Accurate Credit
Transactions Act of 2003 ("FACTA"), became effective on December
1, 2004, before this case was filed.  The amendment provides:

            (8) Enforcement

                    A.  No civil actions.  Sections
                    1681n and 1681o of this title shall
                    not apply to any failure by any
                    person to comply with this section.


4

8:05-CV-2029-T-17MAP

>           B.  Administrative enforcement.
>           This section shall be enforced
>           exclusively under section 1681s of
>           this title by the Federal agencies
>           and officials identified in that
>           section.

15 U.S.C. Sec. 1681m(h)(8).

II.  Response

A.  Allegations of Impermissible Purpose

     Plaintiffs argue that the allegations of the Complaint are
sufficient.  Plaintiff Soroka alleges that Defendant obtained his
credit information for a purpose not within the "permissible
purposes" enumerated by the FCRA, in that Defendant obtained his
credit information without his permission without extending a
firm offer of credit to him.  Plaintiff argues that Plaintiff
cannot ascertain Defendant's intent without discovery, and intent
is a factual issue that cannot be resolved on the pleadings.

1.  Material Terms Absent from Offer

     Plaintiff Soroka argues that Defendant's solicitation is not
a "firm offer" because material terms are absent, and this
absence makes it impossible for a consumer to determine the value
of the loan.

2.  Cole is not Limited to "Sham Offers"

     Plaintiff argues that the Cole standards apply to the
solicitation in this case.

5

8:05-CV-2029-T-17MAP

B.  "Clear and Conspicuous" Claim Survives because FACTA
Cannot Be Applied Retroactively

Plaintiff argues that the activity underlying this claim was
completed before FACTA's effective date, and cannot be altered by
applying FACTA retroactively to that completed conduct.  <u>See</u>
<u>Murray v. GMAC Mortgage Corporation</u>, 434 F.3d 948 (7th Cir.
2006).

In the Complaint, Plaintiff alleges that Defendant obtained
a consumer report in May, 2004, and later mailed a solicitation
to him.

Discussion:

I.  First Claim - No Permissible Purpose

A.  Firm Offer of Credit

The Fair Credit Report Act, 15 U.S.C. Sec. 1681, recognizes
the vital role of accurate credit reporting in the banking system
of the United States.  The U.S. banking system operates based on
"an elaborate mechanism...for investigating and evaluating credit
worthiness, credit standing, credit capacity, and general
reputation of consumers."  15 U.S.C. Sec. 1681(2).

8:05-CV-2029-T-17MAP

A "firm offer of credit" is denied in the FCRA:

> The term "firm offer of credit or insurance"
> means any offer of credit or insurance to a
> consumer that will be honored if the consumer
> is determined, based on information in a
> consumer report on the consumer, to meet the
> specific criteria used to select the consumer
> for the offer, except that the offer may be
> further conditioned on one or more of the
> following:
>
> (1) The consumer being determined, based on
> information in the consumer's application for
> the credit or insurance, to meet specific
> criteria bearing on credit worthiness or
> insurability, as applicable, that are
> established-
>
> (A) before the selection of the consume for
> the offer; and
>
> (B) for the purpose of determining whether to
> extend credit or insurance pursuant to the
> offer.
>
> (2) Verification
>
> (A) that the consumer continues to meet the
> specific criteria used to select the consumer
> for the offer, by using information in a
> consumer report on the consumer, information
> in the consumer's application for the credit
> or insurance, or other information on the
> credit worthiness or insurability of the
> consumer; or
>
> (B) of the information in the consumer's
> application for credit or insurance, to
> determine that the consumer meets the
> specific criteria bearing on credit
> worthiness or insurability.

8:05-CV-2029-T-17MAP

> (3) The consumer furnishing any collateral
> that is a requirement for the extension of
> the credit or insurance that was—
>
> (A) established before the selection of the
> consumer for the offer of credit or
> insurance; and
>
> (B) disclosed to the consumer in the offer of
> credit or insurance.

See 15 U.S.C. Sec. 1681a.


The Court has examined the solicitation mailed to Plaintiff
Soroka (Dkt. 1, Exh. A). In Cole v. U.S. Capital, Inc., 389 F.3d
719 (7th Cir. 2004), the Seventh Circuit Court of Appeals states
that "to determine whether the offer of credit comports with the
statutory definition, a court must consider the entire offer and
the effect of all material conditions that comprise the credit
product in question.  If, after examining the entire context, the
court determines that the "offer" was a guise for solicitation
rather than a legitimate credit product, the communication cannot
be considered a firm offer of credit."  In Cole, the plaintiff
was offered a limited amount of credit, $300, that could only be
used to purchase a vehicle.  The Seventh Circuit Court of Appeals
found that the offer was a sham offer of credit rather than a
firm offer of credit.


The facts of this case are significantly different from
those in Cole.  The offer is for a home loan from "Homeowners
Loan Corporation"  of $55,000, and the offer states the funds can
be used for any purpose, "consolidate bills, make home
improvements, get cash out, or refinance your mortgage and save."


8

8:05-CV-2029-T-17MAP

The Court recognizes that some courts have found that at a
minimum, a "firm offer of credit" requires that the terms of the
offer be honored. See Hernandez v. Chase Bank USA, N.A., 2006 WL
1194902 (N.D. Ill. May 2, 2006). However, the Court finds
that the omission of the interest rate and term from the face of
the offer does not mean that the offer is without value; it means
only that more information must be provided before a consumer can
evaluate with certainty how much value the offer has.    The
solicitation identifies two means to obtain additional
information, by phone or the Internet.   Every consumer and every
lender has a common understanding that home loans are made for a
definite period of time, that banks charge interest for lending
money, and that interest rates are subject to change.   Lenders
charge the highest rate that the market will bear, and consumers
obtain the lowest rate justified by their credit information,
which involves an assessment of risk as to that individual
consumer by the lender.   The value of the property which secures
the loan is another critical piece of information as to the
amount of the loan that may be extended.   This mutual
understanding is inherent in the lending process as to loans
secured by a consumer's home.

The Court has also considered Murray v. GMAC Mortgage
Corporation, 434 F3d 948 (7th Cir. 2006), in which the Seventh
Circuit Court of Appeal notes that "the statutory definition of
'firm offer' does not ask about how consumers react, however; it
asks what the offeror has done-what terms have ben extended,
whether they are honored if a consumer accepts."   The Seventh
Circuit Court of Appeals also says,

9

8:05-CV-2029-T-17MAP

> "We held in <u>Cole</u> that a sham offer used to
> pitch a product rather than extend credit
> does not meet the statutory definition.   A
> business that obtains consumer credit
> information and then offers as $1 loan (at
> 100 % daily interest) toward the purchase of
> a car has not made a "firm offer of *credit*"
> but has instead used credit histories to
> identify potential auto buyers.   That
> objective is not allowed under the Fair
> Credit Reporting Act, we concluded in <u>Cole</u>.

> To separate the use of credit data to sell
> products (forbidden) from the use of credit
> data to make firm offers of credit (allowed),
> we held, a court must determine whether the
> offer has value as an extension of credit
> alone.   'A definition of 'firm offer of
> credit' that does not incorporate the concept
> of value to the consumer upsets the balance
> Congress carefully struck between a
> consumer's interest in privacy and the
> benefit of a firm offer of credit for all
> those chosen through the pre-screening
> process.   From the consumer's perspective, an
> offer of credit without value is the
> equivalent of an advertisement or
> solicitation.' <u>Id</u> at 726-27.

The Seventh Circuit Court of Appeal also states:

> "We do not read <u>Cole</u>, however, to require a
> consumer-by-consumer evaluation.   An offer
> has value to "the consumer" if it is useful
> to the *normal* consumer.   <u>Cole</u>'s objective was
> to separate *bona fide* offers of credit from
> advertisements for products and services,
> determining from "*all* the material conditions
> that comprise the credit product in
> question...[whether it] was a guise for
> solicitation rather than a legitimate credit
> product." <u>Id</u>. at 728.   That depends on the
> terms of the offer, not on recipients'
> idiosyncratic circumstances.   How else could
> someone in GMACM's position know whether it

10

8:05-CV-2029-T-17MAP

>was lawful to obtain credit information in
>the first place?"

The <u>Murray</u> Court concludes that "a court need only determine
whether the four corners of the offer satisfy the statutory
definition (as elaborated in <u>Cole</u>), and whether the terms are
honored when consumers accept."   <u>Cole</u> recognized that the amount
of credit to be extended is an important term, but unless a
creditor and debtor know the rate of interest, the method of
computing interest and the length of the repayment period, they
cannot determine whether it is advantageous to extend or to
accept the offer.

After considering the entire context of the offer extended
to Plaintiff Soroka, including the parallel between the
conditions stated within the offer and the statutory conditions,
the Court concludes that the offer is a "firm offer of credit"
rather than a sham offer.  The omission of material terms such as
interest rate, method of computing interest and term of the loan
is not fatal given the facts of this case.  While the terms were
not disclosed on the face of the offer, the material terms were
ascertainable with minimal effort.  Plaintiff does not allege
that the terms of the offer would not have been honored if
Plaintiff Soroka satisfied Defendant's criteria and had tried to
accept the offer.

B.   Factual Issue of Intent

Plaintiff argues that the Motion to Dismiss cannot be
granted because the Complaint alleges that Defendant accessed his
credit information to entice Plaintiff for its home equity loan

11

8:05-CV-2029-T-17MAP

business, the solicitation letter did not constitute a "firm
offer of credit," and therefore the accession of Plaintiff's
credit information and that of other consumers was not for one of
the permissible purposes enumerated in the FCRA, 15 U.S.C. Sec.
1681b(a)(3).

Plaintiff argues that Defendant's contention that a "firm
offer" can be supplemented by material terms later renders the
FCRA's "firm offer" requirement meaningless.

The Court has concluded that the later supplementation of
material terms is permissible, given the understanding that the
terms of home loans are subject to change based on market
conditions, and a means to obtain current information is
provided.  The definition of "firm offer of credit" within the
FCRA contemplates an ongoing process of exchange of information
and verification.  An offer of credit to a particular consumer is
firm only if the consumer actually meets and continues to meet
the criteria which form the basis of the offer.  It is an offer
made in the present, based on information known by the offeror,
subject to later verification.

Plaintiff Soroka argues that Plaintiff is entitled to
discovery as his claims, relying on <u>Levine v. World Financial
Network National Bank</u>, 437 F.3d 1118 (11th Cir. 2006).  In
<u>Levine</u>, the Eleventh Circuit Court of Appeals reversed the
decision of the United States District Court dismissing the
complaint for failure to state a claim.  In <u>Levine</u>, the plaintiff
alleged that Experian violated the FCRA when it provided his
credit report to a former creditor with whom Levine no longer had
an open or active account.  The <u>Levine</u> plaintiff alleged that

12

8:05-CV-2029-T-17MAP

Experian did not make a reasonable effort to safeguard his
confidential information and that it had reasonable grounds to
believe that the request was for an impermissible purpose under
the FCRA, notwithstanding the fact that the former creditor
stated that the report was for "account review."

In Levine, the Eleventh Circuit Court of Appeals discussed
the scope of responsibilities of credit reporting agencies,
including the need to insured that those responsibilities are
exercised with fairness, impartiality, and a respect for the
consumer's right to privacy, as required by the statute.   The
Eleventh Circuit Court of Appeals rejected Experian's contention
that its duty to safeguard confidential information extended only
so far as a facially valid request for a credit report,
notwithstanding any reasonable grounds to believe that the
request is instead made for an impermissible purpose.

The FCRA permits the sale of credit reports to a creditor
who "intends to use the information in connection with a credit
transaction involving the consumer on whom the information is
furnished and involving the extension of credit to, or review or
collection of an account of, the consumer" 15 U.S.C. Sec.
1681b(a)(3)(A).   Section 1681b(a)(3)(F)(ii) permits the sale of a
credit report to a creditor in order to "review an account to
determine whether the consumer continues to meet the terms of the
account."

The Eleventh Circuit Court of Appeals acknowledged the
difference of opinion as to the sale of credit reports to former
creditors, and concluded that the question of whether Experian
had reasonable grounds to believe that the creditor intended to

13

8:05-CV-2029-T-17MAP

use Levine's credit report for an impermissible purpose or
whether Experian made reasonable efforts to verify the validity
of the creditor's request, was a fact intensive question that
could not be resolved on the pleadings.

The Complaint in this case is based on allegations that
the offer of credit extended to Plaintiff was not a "firm offer
of credit," but was too vague to be such an offer.   Plaintiff is
seeking relief because Defendant accessed Plaintiff's
confidential credit information to offer Plaintiff a home equity
loan, but the offer of credit did not contain material terms that
would permit Plaintiff to accept the offer without obtaining
additional information.   The facts of this case are not like the
facts in <u>Levine</u>.   Defendant is in fact in the business of
offering home equity loans.   The Court found that a "firm offer
of credit" was extended to Plaintiff notwithstanding the absence
of material terms on the face of the offer.   The Court has no
knowledge as to whether Plaintiff attempted to accept the offer,
but was denied.   The Court will grant leave to Plaintiff to amend
the allegations of the Complaint to pursue other claims under the
FCRA.

After consideration, the Court grants the Motion to Dismiss
as to the First Claim, with leave to amend.

II.   Second Claim - Absence of Clear and Conspicuous Disclosures

Defendant seeks the dismissal of the Second Claim that the
offer of credit lacked clear and conspicuous disclosures.
Defendant argues that after the statutory amendment that became
effective on December 1, 2004, there is no private right of

14

8:05-CV-2029-T-17MAP

action as to this claim.   This case was filed on November 1,
2005.

        Plaintiff Soroka argues that this cause of action survives
because the FACTA amendment cannot be applied retroactively, and
the activity underlying Plaintiff's claim was completed before
FACTA's effective date.

        In the Complaint, Plaintiff alleges that Defendant examined
his credit information in May, 2004, and later sent Plaintiff the
solicitation for a home equity loan.

        Courts are divided on this issue.   See. e.g. Killingsworth
v. Household Bank, (SB), N.A., 2006 W.L. 250704 (N.D. Ill.
January 31, 2006).   After consideration, the Court concludes that
the analysis in Landgraf v. USI Film Prods., 511 U.S. 244 (1994)
is appropriate.   See Bonner v. Home123 Corporation, 2006 WL
1518974 (N.D. Ind.  May 25, 2006) (solicitations mailed before
December 1, 2004 remain in the case).

        The Court has examined the Complaint, and has not found
where Plaintiff Soroka indicates when Defendant sent Plaintiff
the solicitation which is attached to the Complaint.   The
solicitation is not dated, and states only that the offer will
remain open until 3/31/2005.   Therefore, the Court grants the
Motion to Dismiss with leave to amend to add the allegations as
to mailing date.   Accordingly, it is

8:05-CV-2029-T-17MAP

ORDERED that Defendant's Motion to Dismiss is **granted**, with leave to amend by filing an Amended Complaint within ten days.

DONE and ORDERED in Chambers, in Tampa, Florida on this /2th day of June, 2006.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

16